IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL GARDELLA,

     Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

     Defendant.

Civil Action No. 1:24-cv-6034

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

Plaintiff, Paul Gardella, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plan, of obtaining relief from Defendant's failure to follow reasonable claims procedures by refusing to make a timely decision on Plaintiff's claim for LTD benefits, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

### JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq.* and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. This matter is now properly before the Court because Plaintiff's long term

1

disability claim ("LTD Claim") is deemed denied without the exercise of discretion due to Defendant's failure to strictly adhere to Department of Labor's ERISA Claims Procedure Regulations. *See* 29 C.F.R. § 2560.503-1(l)

3. Venue is proper within the Southern District of New York pursuant to 29 U.S.C. § 1132(e)(2) as the ERISA employee benefit plan at issue in this matter is administered in this district and this district is where the breach occurred.

## PARTIES

4. Plaintiff, Paul Gardella, (hereinafter "Plaintiff"), is a resident of Staten Island, New York.

5. Defendant Metropolitan Life Insurance Company (hereinafter "MetLife"), is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the New York Department of Financial Services at New York Department of Financial Services, Corporate Affairs Unit, One Commerce Plaza- 20th Floor, Albany, NY 12257.

6. Upon information and belief, MetLife is the party obligated to pay benefits and determine eligibility for benefits under Group Long Term Disability Policy No. 230114-1-G, issued by MetLife to TP ICAP Americas Holdings, Inc.

## FACTS

7. Plaintiff was employed by TP ICAP Americas Holdings, Inc. as a Bond Broker.

8. Because of his employment, Plaintiff was enrolled in the TP ICAP Americas Holdings, Inc. Wrap Plan, which is an ERISA employee welfare benefit plan (the "Plan").

9.      Long Term Disability Benefits under the Plan are insured by MetLife under Group Long Term Disability Policy No. 230114-1-G, issued by MetLife to TP ICAP Americas Holdings, Inc.

10.      Plaintiff is a participant or beneficiary of the Plan.

11.      Plaintiff became disabled on or around March 15, 2022, while covered under the Plan, because of impairments stemming from chronic sequelae of COVID-19.

12.      Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policy.

13.      Plaintiff filed an application for LTD benefits under the Plan.

14.      Defendant initially denied Plaintiff's application and did not award any benefits.

15.      In reaching its denial decision, Defendant relied on the medical opinion of its file-reviewing physician who noted that Plaintiff was referred to neurocognitive testing but there was no evidence of it occurring.

16.      Plaintiff timely appealed the denial of his benefits and received an extension of time from MetLife to submit evidence in support of his disability.

17.      By letter dated April 15, 2024, Plaintiff timely submitted supportive evidence, including updated medical records, the results of a neuropsychological evaluation, the opinion of his treating physician, Dr. Alex Racco, a vocational evaluation report, and his sworn declaration.

18.      The neuropsychological evaluation took place over two days—March 3, 2024 and March 4, 2024—and the report dated March 28, 2024 concluded that "due to continuing sequelae of his COVID-19, Mr. Gardella is disabled form his own occupation or any which would require similar training and expertise based on his limited physical and cognitive functioning."

19.    Dr. Alex Racco reviewed the neuropsychological evaluation report and confirmed that the objective findings were consistent with his own observations and findings. Additionally, Dr. Racco opined that Mr. Gardella is expected to be absent from work 7 to 10 times a month due to his medical condition, that his pain, fatigue, and other limitations interfere with his reliably attending an 8-hour work day, 40-hour work week, and that his symptoms and medications cause him to experience lapses in concentration or memory daily and chronically.

20.    As an ERISA fiduciary, Defendant had until May 30, 2024—forty-five (45) days from April 15, 2024—to render an appeal decision or provide Plaintiff with written notice of special circumstances necessitating an extension of time to finish its review.

21.    By letter dated May 20, 2024, Defendant provided Plaintiff an opportunity to review and respond to new evidence generated by Defendant.

22.    Defendant's new evidence included two file-reviews, one completed by an occupational medicine doctor and the other by a neuropsychologist. The occupational medicine doctor opined that Plaintiff has functional limitations related to post-COVID-19 sequelae, but deferred consideration of his cognitive complaints to the appropriate specialty reviewer. The neuropsychologist reviewer opined that "the evidence does not support that the claimant is impaired by a mental health condition(s) of such severity to warrant the placement of restrictions and/or limitations on his activities for the time period from 03/16/2022 through 9/14/2022 and until 3/27/24. However, restrictions and limitations are supported from 3/28/24 onwards."

23.    Defendant sent another letter dated May 20, 2024, stating that it would be taking its 45-day extension under ERISA to July 16, 2024, to reach a decision because it had sent us evidence to review and respond to.

24.     Plaintiff responded to this new evidence on May 31, 2024 by pointing out errors in the neuropsychologist's file review and submitting additional evidence including Dr. Racco's opinion and Plaintiff's sworn declaration indicating that the restrictions and limitations set forth in the neuropsychological evaluation are consistent with Plaintiff's functionality in and around March 2022 to the present.

25.     In that letter, Plaintiff also asked for an extension of 14 days in order to submit additional evidence in response to the file-reviews. Plaintiff agreed to toll Defendant's decision deadline until he submitted this additional evidence and provided written confirmation that all evidence has been submitted.

26.     By letter dated June 4, 2024, Defendant agreed to Plaintiff's extension until June 14, 2024 to submit additional information.

27.     Plaintiff submitted his additional evidence on June 14, 2024, consisting of an addendum by Dr. Shea to his neuropsychological evaluation report. In his addendum, Dr. Shea explained, "Although the evaluation of March 28, 2024, finally documented and substantiated his neuropsychological decline, the results represent the long-standing physical and cognitive declines as well as the secondary impact on his emotional state that were initiated and continued from the 2022 COVID-19 diagnosis."

28.     Plaintiff's June 14, 2024 letter confirmed that "the tolling period has now ended and MetLife's new decision deadline is July 28, 2024."

29.     By letter dated June 26, 2024, Defendant stated that it had received an addendum review by its neuropsychologist and was providing Plaintiff with an opportunity to review and/or comment by July 6, 2024.

30.     Defendant sent another letter dated June 26, 2024, stating that it needed some additional time to review and render a decision on the appeal.

31.     Plaintiff responded to Defendant's new evidence on July 5, 2024 by pointing out several errors in the neuropsychologist's file review addendum, including that this reviewer failed to acknowledge or explain his reasoning for disagreeing with all of Plaintiff's responsive evidence.

32.     Plaintiff's July 5, 2024 letter confirmed that Plaintiff expected to receive a decision no later than July 28, 2024.

33.     As an ERISA fiduciary, Defendant had until July 28, 2024—90 days from April 15, 2024 plus an additional 14-day tolling period during a time that Plaintiff and Defendant both agreed to tolling—to render an appeal decision.

34.     As of the date of this filing, Defendant has not rendered an appeal decision or provided Plaintiff with any written notice of extension.

35.     29 C.F.R. § 2560.503-1(l) states that an ERISA administrator's failure to strictly adhere to all requirements of the regulation with respect to a claim will result in the claimant being deemed denied without the exercise of discretion. *See* 29 C.F.R. § 2560.503-1 (1)-(2).

36.     Accordingly, under 29 C.F.R. § 2560.503-1 (1)-(2), Plaintiff pursues his available remedies under § 502(a) of the ERISA on the basis that Defendant failed to provide a reasonable claims procedure that would yield a timely decision on the merits of the claim.

37.     Plaintiff's administrative remedies under the Plan were deemed exhausted as a result of Defendant's violations of 29 C.F.R..§ 2560.503-1 outlined above.

38.    Because of Defendant's failure to strictly adhere to all the requirements of 29 C.F.R. § 2560.503-1, Plaintiff's LTD Claim is deemed denied on review without the exercise of discretion.

39.    Defendant would pay any benefits due out of its own funds.

40.    Defendant owed Plaintiff duties as a fiduciary of an ERISA Plan, including the duty of loyalty.

41.    Defendant was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

42.    Defendant allowed its concern over its own funds to influence the decision-making.

43.    Defendant breached its fiduciary duties to Plaintiff, including the duty of loyalty.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

44.    Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

45.    Plaintiff is disabled and entitled to benefits under the terms of the Plan.

46.    Defendant failed to provide benefits due under the terms of the Plan and failed to make a timely decision, and these actions constitute breaches of the Plan.

47.    The decisions to deny benefits and the failure to make a timely decision were wrong under the terms of the Plan.

48.    The decisions to deny benefits and the failure to make a timely decision were arbitrary and capricious.

7

49. The decisions to deny benefits and the failure to make a timely decision were influenced by the Defendant's financial conflict of interest.

50. The decisions to deny benefits are not supported by substantial evidence in the record.

51. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

52. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the Plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 8th day of August, 2024.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC

BY:   */s/ Noah Breazeale*
Noah Breazeale*
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX: (423) 634-2505
nbreazeale@buchanandisability.com

*\* Pro Hac Vice Application to be submitted
promptly*

ATTORNEYS FOR PLAINTIFF

9